Filed 1/6/16  In re Jose M. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re Jose M., a Person Coming Under the Juvenile Court Law. | B265302 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSE M.,<br><br>        Defendant and Appellant. | (Los Angeles County<br>Super. Ct. No. TJ21943) |

\* \* \* \* \* \* \* \* \* \*

        APPEAL from orders of the Superior Court of Los Angeles County. Catherine J. Pratt, Juvenile Court Referee.  Affirmed.

        James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Jose M., now 18, appeals from orders denying his motion to suppress, and finding him to be a person described by Welfare and Institutions Code section 602, following a finding he committed misdemeanor possession of marijuana on school grounds (Health & Saf. Code, § 11357, subd. (e)). We appointed appellate counsel to represent him. Appointed counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The brief included a declaration from counsel that he reviewed the record and advised Jose M. of his right, under *Wende*, to submit a supplemental brief. This court sent Jose M. notice advising him that he had 30 days to personally submit any contentions or issues that he wished to raise on appeal. No supplemental brief was filed.

Jose M. moved to suppress his oral statements, and the observations of police officers and campus security, based on the warrantless search and seizure made by police. The motion to suppress was considered contemporaneously with the evidence adduced for the adjudication of the petition.

Salvador Villa, an officer with the Compton School Police Department, testified that on December 17, 2014, he was working as the resource officer for the Cesar Chavez Continuation High School. A school security guard asked Officer Villa to detain Jose M. The security guard reported that a teacher had seen Jose M. conduct a hand-to-hand drug transaction with another student. Officer Villa told Jose M. to stop, and Jose M. complied. Officer Villa asked if Jose M. had any drugs on him, and Jose M. pulled some marijuana out of his pocket and showed it to Officer Villa.

Thomas McCleary, a senior criminalist with the Los Angeles Sheriff's Department, testified that the substance recovered from Jose M. was marijuana.

The juvenile court denied the motion to suppress, and found the allegations to be true. The court ordered probation under Welfare and Institutions Code section 725.

We have examined the entire record, consisting of one volume of clerk's transcript and two volumes of reporter's transcript, and are satisfied that appointed counsel fully complied with his responsibilities and that no arguable appellate issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.) We therefore affirm orders below.

## DISPOSITION

The orders are affirmed.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

RUBIN, J.